**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| VIKRAM VIKRAM, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-2055-J |
| | ) | |
| FRED FIGUEROA, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER**

Petitioner Vikram Vikrem, an Indian citizen, is currently in the custody of Immigration and Customs Enforcement (ICE). He entered the United States on or about May 11, 2023, and was charged with being removable from the United States on May 13, 2023. Petitioner was released pursuant to an Order of Release on Recognizance on May 13, 2023. The "Cancellation of Order" section, in which an immigration officer can cancel the order of release, has not been completed. Petitioner was arrested and transported to ICE custody on June 27, 2026 and has filed a Petition for Writ of Habeas Corpus challenging the re-detention. [Doc. No. 1]. The matter was referred to United States Magistrate Judge Amanda L. Maxfield consistent with 28 U.S.C. § 636(b)(1)(B),(C). Judge Maxfield issued a Report and Recommendation [Doc. No. 14] recommending that the Court: (1) grant the Petition in part and (2) order Respondents to immediately release Petitioner from their custody under his previous bond conditions, enjoin Respondents from re-detaining Petitioner without notice of changed circumstances and compliance with 8 C.F.R. §§ 236.1(c)(9) and 1236.1(c)(9), and order Respondents to submit a declaration affirming they have released Petitioner from custody. Respondents objected [Doc. No. 15] but did not address the crux of Judge Maxfield's findings and have waived de novo review. *See Singh v. De Anda-Ybarra*, No. CIV-26-218-J, 2026 WL 973285, at *1 (W.D.

Okla. Apr. 10, 2026) ("An objection that . . . expresses general disagreement with the recommendation[] is insufficient to require de novo review." (citation omitted)).

In sum, Judge Maxfield concluded that Petitioner's detention is governed by 8 U.S.C. § 1226(a). *See* Rep. & Rec. at 4. However, because officials had previously released Petitioner on bond, 8 U.S.C. § 1226(b) also applies. *See id.* Section 1226(b) prevents officials from interfering with a previous bond determination "absent a change in circumstances." *Id.* at 5 (citation omitted). Respondents failed to provide any evidence that such a determination had been made before Petitioner's re-detention, and their objection is silent as to § 1226(b)'s application.

Accordingly, the Report and Recommendation is ADOPTED to the extent it finds Petitioner's re-detention violated the Immigration and Nationality Act (INA)[1] and Petitioner's Petition is GRANTED IN PART to the extent it relies on a violation of the INA. Respondents are ORDERED to immediately release Petitioner subject to an appropriate order of supervision. Respondents shall certify compliance within three (3) business days of the date of this Order. Additionally, Petitioner's Motion for Expedited Adjudication and Adoption of Report and Recommendation [Doc. No. 16] is DENIED as MOOT.

A separate judgment will enter.

IT IS SO ORDERED this 13th day of November, 2026.

BERNARD M. JONES, II
UNITED STATES DISTRICT JUDGE

[1] In light of its ruling, the Court declines to address Petitioner's remaining arguments.